[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2010
JOHN LEY
CLERK

No. 09-14260

_____

D.C. Docket No. 08-60565 CV-WJZ

SONYA GOSSARD,

Plaintiff-Appellant,

versus

JP MORGAN CHASE & CO.,
a foreign profit corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 27, 2010)

Before BLACK, WILSON and COX, Circuit Judges.

PER CURIAM:

Plaintiff sued Defendant in state court alleging discrimination in violation of

the Florida Civil Rights Act, Florida Statutes § 760.01 et seq. ("the Act"). Counts I

and II of the complaint allege that Defendant discriminated against Plaintiff and

terminated her employment on the basis of her gender and unmarried status. (R.1-1.) Count III alleges that Defendant retaliated against Plaintiff (by terminating her employment) for Plaintiff's complaints about the discrimination. (*Id.*) Defendant removed the case to federal court on the basis of diversity jurisdiction. (*Id.*)

In response to Plaintiff's third and fourth sets of requests for admission, Defendant moved for a protective order. Plaintiff did not oppose the motion. The district court entered a protective order pursuant to Federal Rule of Civil Procedure 26 and ordered briefing on the propriety of an attorneys fees award pursuant to Federal Rule of Civil Procedure 37. (R.2-36 at 2-3.) On Defendant's subsequent motion for attorneys fees, the court ordered Plaintiff's counsel to pay Defendant $2,878.00 in fees incurred for preparation of motion for a protective order. (R.3-56.)

Later, Defendant moved for summary judgment on each of Plaintiff's claims. After reviewing the briefs and evidence submitted by the parties, the court granted Defendant's motion, finding that Plaintiff "failed to establish a prima facie case of either discrimination or retaliation, and, in the alternative, Defendant has offered legitimate, non-discriminatory reasons [for Plaintiff's termination] that have not been shown to be pretext." (R.3-59 at 9.) Judgment was entered for Defendant.

Plaintiff appeals, arguing that the district court erred in granting Defendant summary judgment on each of her claims and that the court abused its discretion in

ordering Plaintiff's counsel to pay Defendant attorneys fees incurred in obtaining the protective order.

## SUMMARY JUDGMENT

This court reviews a district court's grant of summary judgment by applying the same legal standards used by the district court. *See, e.g.*, *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). Summary judgment is appropriate where "'there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1271 (11th Cir. 2001) (quoting Fed. R. Civ. P. 56(c)).

Claims brought under the Act are subject to the same burden-shifting analysis applicable in federal employment discrimination actions. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973); *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). In a case like this one, which relies on circumstantial evidence of the employer's motive, a plaintiff can establish a prima facie case that she was discriminated against "by showing: (1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4) she was qualified for the job or job benefit

at issue." *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 842-43 (11th Cir. 2000) (citing *Holifield v. Reno*, 115 F.3d 1555, 1561-62 (11th Cir. 1997)). To establish a prima facie case of retaliation, "a plaintiff must demonstrate: (1) that [s]he engaged in statutorily protected activity; (2) that [s]he suffered adverse employment action; and (3) that the adverse employment action was causally related to the protected activity." *Harper*, 139 F.3d at 1388.

> Once a *prima facie* case is shown, "the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. . . . [The plaintiff] now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision."

*Rice-Lamar*, 232 F.3d at 843 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255-56, 101 S. Ct. 1089, 1094-95 (1981)).

If the employee does not present evidence to demonstrate that there is a genuine issue of material fact as to each element of the prima facie case, the employer is entitled to summary judgment. *See Pace v. Southern Ry. System*, 701 F.2d 1383, 1388, 1390 (11th Cir. 1983) ("A prima facie case may be established only when there is a basis for inferring that discrimination is the reason for the employment decision."). The employer is also entitled to summary judgment on discrimination

4

and retaliation claims "[i]f the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons [for its treatment of the employee] is pretextual." *Chapman v. AI Transport*, 229 F.3d 1012, 1024-25 (11th Cir. 2000) (en banc) (citation omitted).

In this case, Plaintiff did not present the district court with evidence to support a prima facie case of discrimination. Plaintiff failed to present evidence that her employer treated her differently from any other employee who was similarly situated but not a member of her protected class. After one of Defendant's clients complained that Plaintiff had directed a very strong expletive at the client, a human resources officer named Deborah Johnson conducted an investigation of both the client's complaint and Plaintiff's allegations of discrimination. (R.2-28 Ex. R ¶¶ 4, 7-10.) Johnson concluded that Plaintiff had directed the profanity at the client and that, as a result, Plaintiff should be terminated. (*Id.* ¶ 12.) While Plaintiff argues to this court that she (a female single parent) was treated differently from her male single parent supervisor who also used profanity, she presented no evidence of that disparate treatment to the district court. In the district court, Plaintiff's argument was different. There, she identified the same supervisor not as a comparator but as the person who discriminated against her; and, she supported her argument with evidence that he had treated her differently from the other salespeople in the department. (R.2-31 at 3-9.)

5

Plaintiff's papers filed in opposition to the motion for summary judgment did not argue or present any evidence that any other employee, including her supervisor, had used profanity (much less directed it at a client) and was treated more favorably than she was. (*See* R.2-30; R.2-31.) Indeed, Plaintiff acknowledged this lack of evidence and argued to the district court that no such comparator evidence was required. (R.2-31 at 9.)

We will not consider Plaintiff's contention that a comparator was treated differently because it is made for the first time in this court. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1121 (11th Cir. 1993) ("appellate review of summary judgment rulings is conducted on the basis of the record presented to the district court . . . ."). Because Plaintiff failed to present comparator evidence to the district court, she failed to provide "a basis for inferring that discrimination [was] the reason for the employment decision." *Pace*, 701 F.2d at 1390. Summary judgment was proper on Counts I and II.

Neither did the district court err in granting Defendant summary judgment on Plaintiff's retaliation claim (Count III). Though our review of the record leads us to doubt that Plaintiff presented sufficient evidence of a prima facie case of retaliation, especially with regard to the element of causation, we do not decide whether she carried that burden. Even if she did, her retaliation claim fails because Defendant

presented evidence that it terminated Plaintiff's employment for a legitimate, nonretaliatory reason (that the employer believed she directed a very strong expletive at a client).[1] Johnson swore an affidavit that she recommended Plaintiff's termination to management "based on [Plaintiff's] inappropriate and unprofessional behavior toward a client." (R.2-28 Ex. R ¶ 12.) And, Johnson told Plaintiff "that her employment was being terminated due to her misconduct." (*Id.*) While Plaintiff disputes that she directed the profanity at the client, she presented no evidence upon which the district court could conclude that there was a genuine issue of material fact whether Defendant believed Plaintiff did so. To the contrary, Plaintiff's Statement of Disputed Material Facts cites Johnson's affidavit as support for the fact that

_____

[1]In this court, Plaintiff argues that the district court erred in admitting the affidavits Defendant submitted in support of its motion for summary judgment because those affidavits contain hearsay and statements made on the basis of information and belief rather than on the basis of personal knowledge. Defendant responds that Plaintiff waived these arguments by failing to make the evidentiary objections in the district court. In her reply, Plaintiff does not quibble with the general rule that objections not made in the district court are not preserved for appeal. Instead, she argues that she did make these evidentiary arguments in the district court (though she admits she did so for the first time in a motion for reconsideration of the summary judgment, which motion for reconsideration she later withdrew) and that, even if she failed to raise them properly in the district court, this court should consider the questions because they present the pure question of law that she describes as "the application of the summary judgment burden." (Appellant's Reply Br. at 11.)

We find that Plaintiff did not properly object in the district court to the admission of the affidavits supporting Defendant's motion for summary judgment. And, her argument that we should consider her objections for the first time on appeal is unpersuasive. She does not present any of the exceptional conditions under which we have permitted issues to be raised for the first time on appeal. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004). While the admissibility of evidence may be a question of pure law, in this case we find that our refusal to consider the question does not result in a miscarriage of justice. Plaintiff had ample opportunity to object in the district court but, inexplicably, did not to do so.

7

Defendant's human resources department believed a client complained that Plaintiff directed an expletive at the client. (R.2-30 ¶ 30.) Plaintiff presented no evidence that the employer's proffered reason for her termination is pretextual, and summary judgment on Count III was proper.[2]

## ATTORNEYS FEES AWARD

Federal Rule of Civil Procedure 37(a)(5) applies to awards of expenses incurred in bringing a successful motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c). *See* Fed. R. Civ. P. 26(c)(3). "[T]he standard of review for an appellate court in considering an appeal of sanctions under Rule 37 is sharply limited to a search for abuse of discretion and a determination that the findings of the trial court are 'fully supported by the record.'" *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1447 (11th Cir. 1985) (quoting *Nat'l Hockey*

---

[2]Plaintiff argues that, by applying Local Rule 7.5 to deem admitted all facts that were both stated in Defendant's Undisputed Statement of Facts and supported by the record, the district court failed to apply the proper summary judgment standard, namely that "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986) (citation omitted).

We find no reversible error in the district court's application of the local rule. The court's order makes clear that it reviewed all the evidence Plaintiff presented in opposition to Defendant's motion for summary judgment. The court stated, "[Plaintiff's] version [of the facts] does give the Court a clear picture of her idea of the treatment she received while employed by Defendant and what this case is truly about." (R.3-59 at 2.) It was not a lack of conformity to the local rule that doomed Plaintiff's case. Rather, it was a lack of evidence supporting her claims.

*League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43, 96 S. Ct. 2778, 2780-81 (1976) (other citations omitted)).

As stated above, Plaintiff did not oppose Defendant's Rule 26 motion for a protective order. Plaintiff opposed Defendant's subsequent motion for attorneys fees. (R.2-43.) After considering Defendant's attorneys fees motion and supporting affidavits as well as Plaintiff's response, the district court stated that Plaintiff's discovery requests were not substantially justified and that payment of attorneys fees was an appropriate sanction of Plaintiff's attorney. (R.3-56 at 1.) The court determined reasonable hourly rates for Defendant's attorneys and paralegal and, in its own words, "prune[d] excessive hours billed" to arrive at an award of $2,878.00 in fees. (*Id.* at 4.)

On appeal, Plaintiff argues only that the district court should not have ordered the payment of attorneys fees because Defendant's motion requesting the fees was untimely and not in compliance with the local rule governing the form of these motions. *See* S.D. Fla. L.R. 7.3.B. The record does not support Plaintiff's assertions. The request for attorneys fees complied with the local rule's form requirements. (R.2-37; R.2-49.) And, the motion was timely; it was filed within the time limit set by the

district court's order granting the protective order.  (*Id.*; R.2-36 at 3.)  We find no reversible error.

AFFIRMED.